# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 9032 | **DATE** | December 29, 2011 |
| **CASE TITLE** | Michael A. Buford (B01500) vs. Bank of America, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. The Court orders the trust fund officer at the plaintiff's place of incarceration to deduct $8.44 from the plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the East Moline Correctional Center. The complaint (Dkt. No. 1) is dismissed pursuant to 28 U.S.C. § 1915(e)(1) as legally frivolous. The plaintiff was previously assessed a strike under § 1915(g) in *Buford v. Wood*, No. 04 C 5537 (N.D. Ill.) (Aspen, J.), and *Buford v. Old Country Buffet*, No. 04 C 5538 (N.D. Ill.) (Guzman, J.). This case is the plaintiff's third strike. He is warned that he must comply with the requirements of 28 U.S.C. § 1915(g), and *Sloan v. Lesza*, 181 F.3d 858 (7th Cir. 1999). Plaintiff's motion for appointment of counsel (Dkt. No. 4), and any other pending motions are denied as moot. Civil Case Terminated.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

   Pro se plaintiff Michael A. Buford, presently an inmate at the East Moline Correctional Center, has brought suit pursuant to 42 U.S.C. § 1983. (Dkt. No. 1). Pending before the Court is plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3) and appointment of counsel. (Dkt. No. 4).

   The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3) is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $8.44. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff wherever he may be transferred.

   Turning to plaintiff's complaint, the Court is required to dismiss the case if it is frivolous. 28 U.S.C. § 1915(e)(1). This Court also "construe[s] pro se complaints liberally and hold[s] them to a less stringent standard than formal pleadings drafted by lawyers." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citing *Erickson v. Pardus*, 551 U.S 89, 94 (2007) (per curiam); *Obriecht v. Raemisch*, 417 F.3d 489, 492 n.2 (7th Cir. 2008)).

**STATEMENT**

"To satisfy the notice-pleading standard, a complaint must provide a 'short and plain statement of the claim showing that the pleader is entitled to relief,' which is sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Bridges*, 557 F.3d at 545 (quoting *Erickson*, 551 U.S at 89). "'[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The complaint must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Bridges*, 557 F.3d at 546 (internal quotation marks and citations omitted) (emphasis in original).

The following facts, drawn from plaintiff's complaint (Dkt. No. 1) are accepted as true and all reasonable inferences are made in the light most favorable to the plaintiff. *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010) (citing *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001)). Plaintiff claims that he experienced several problems while a customer at the Bank of America branch in Homewood, Illinois, in 2010 and 2011. Plaintiff's cousin allegedly stole $37,000 from his account using a debit card. Bank of America only reimbursed $1,000 into his account. He also claims that Bank of America would not cash his Social Security checks. Plaintiff's complaint invokes 42 U.S.C. § 1983.

Plaintiff has the burden of establishing that this Court has subject matter jurisdiction to adjudicate his claims. *Muscarello v. Ogle County Bd. of Comm'rs*, 610 F.3d 416, 425 (7th Cir. 2010) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 809 n.6 (1986)). Section 1983 "authorizes suits to enforce individual rights under federal statutes as well as the Constitution." *City of Rancho Palos Verdes, Cal. v. Abrams*, 544 U.S. 113, 119 (2005) (quoting *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980)).

To the extent the plaintiff is raising state law claims, he cannot proceed under § 1983. *See Taake v. County of Monroe*, 530 F.3d 538, 540 (7th Cir. 2008) ("[T]his case has no place in federal court because it presents only state-law claims that cannot come into federal court by way of a § 1983 claim."); *Goros v. County of Cook*, 489 F.3d 857, 858 (7th Cir. 2007) ("Section 1983 and § 1331 in combination do not allow state-law claims to be litigated in federal court . . . .) (emphasis omitted). Additionally, private individuals cannot be held liable for federal claims under § 1983 when they are not acting under the color of state law. *Thurman v. Vill. of Homewood*, 446 F.3d 682, 687 (7th Cir. 2006).

The Court recognizes that plaintiff is complaining about bank transactions, which may be regulated by federal statute. The Court is also mindful that it must liberally construe plaintiff's pro se complaint, *Erickson*, 551 U.S at 94, but the Court should not advocate on the pro se's behalf by making claims that he failed to raise in even the most tangential nature. *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). Plaintiff has not articulated a colorable federal claim. As such, the Court concludes that plaintiff's invocation of 42 U.S.C. § 1983 is legally frivolous because it "lacks an arguable basis in law." *Haury v. Lemmon*, 656 F.3d 521, 522 (7th Cir. 2011); *Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). Plaintiff is assessed a strike for bringing this frivolous action under 28 U.S.C. § 1915(g).

Plaintiff is warned that if a prisoner accumulates a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, (i.e, "strikes"), that prisoner may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). A prisoner with three strikes under § 1915(g) is also required to alert a federal court of this fact when filing a new suit in that Court. *See Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008) (citing

**STATEMENT**

*Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999)). Failure to inform any new Court of the prior three strikes will result in an automatic dismissal of the new case while still requiring payment of the filing fee, and barring any future litigation (other than criminal cases and petitions challenging the terms of confinement) until the filing fee is paid in full. *Sloan*, 181 F.3d at 859. Plaintiff was previously assessed a strike under § 1915(g) in both *Buford v. Wood*, No. 04 C 5537 (N.D. Ill. Aug. 30, 2004) (Aspen, J.) (Dkt. No. 6 at 2), and *Buford v. Old Country Buffet*, No. 04 C 5538 (N.D. Ill. Sept. 22, 2004) (Guzman, J.). This case is the plaintiff's third strike. He is warned that he must comply with the requirements of 28 U.S.C. § 1915(g), and *Sloan v. Lesza*, 181 F.3d 858 (7th Cir. 1999).

If plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues plaintiff plans to present on appeal, *see* Fed. R. App. P. 24(a)(1)(C), and comply with the requirements of 28 U.S.C. § 1915(g), and *Sloan v. Lesza*, 181 F.3d 858 (7th Cir. 1999), as explained in the preceding paragraph. If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).